UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRIS PALLAS,

      Plaintiff,

v.                                        Case No. 8:12-cv-02856-T-33MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks this Court's review of the Commissioner's decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") payments. Plaintiff argues the administrative law judge ("ALJ") erred by failing to fully incorporate the opinions of Plaintiff's treating physician and the state agency physician when determining Plaintiff's residual functional capacity ("RFC"), failing to pose a complete hypothetical to the vocational expert, and improperly discounting Plaintiff's subjective complaints and credibility. Additionally, Plaintiff alleges the Appeals Council erred in failing to remand this matter to the ALJ to consider newly submitted evidence. After considering the parties' briefs and the administrative record in this case, I find the ALJ did not adequately follow the regulatory scheme when evaluating Plaintiff's RFC. Accordingly, I recommend the matter be

remanded for further administrative proceedings.[1]

*A. Standard of Review*

To be entitled to DIB or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of

---

[1] The district judge referred the matter to me for a report and recommendation. Local Rule 6.01(c)(21).

2

Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's residual functional capacity ("RFC"), whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

*B. Background*

Plaintiff, who was fifty-three years old at the time of his administrative hearing, has

completed three years of college and has work experience as a taxi driver, security guard, real estate agent, telemarketer, hurricane relief manager, and an activities coordinator in a nursing home (R. 117-18). He alleges he has been unable to work since June 1, 2007, due to severe depression, paranoia, being short-tempered, restlessness, feeling of hopelessness, shortness of breath, panic attacks, anxiety, impatience, and insomnia (R. 216, 260). The ALJ found at step two and three of the sequential analysis that Plaintiff suffered from a severe impairment of bipolar disease; however, it did not qualify as a listed impairment in C.F.R. Part 404, Subpart P, Appendix 1 (R. 100-01). At step four, the ALJ concluded that Plaintiff retained the RFC to perform a full range of work at all exertional levels except that "the claimant was limited to low stress, unskilled or lower semi-skilled jobs, that do not involve work with the public, and no more than occasional interaction with coworkers and supervisors." (R. 103). With that RFC, the ALJ, aided by the testimony of a vocational expert, found Plaintiff was prevented from performing his past relevant work (R. 105-06). Nonetheless, at step five, the ALJ concluded Plaintiff could make an adjustment to other work (R. 106). Consequently, the ALJ found that Plaintiff was not disabled (R. 107). Plaintiff requested review, and the Appeals Council, after reviewing additional information from Sarasota County Family Health Center dated October 4, 2011 through May 29, 2012, denied Plaintiff's request for review (R. 1-7). Plaintiff, who has exhausted his administrative remedies, filed this action.

*C. Discussion*

In this appeal, Plaintiff raises four issues: 1) the ALJ failed to fully incorporate the

opinions of Plaintiff's treating physician and state agency physician when determining Plaintiff's RFC; 2) the ALJ failed to pose a complete hypothetical to the vocational expert; 3) the ALJ improperly discounted Plaintiff's subjective complaints and credibility; and 4) the Appeals Council erred in failing to remand this matter to the ALJ to consider newly submitted evidence.  I discuss each of these arguments below and conclude that this case should be remanded to the ALJ for further findings.

*1. RFC*

The first issue Plaintiff raises is whether the ALJ erred by failing to fully incorporate the opinions of Drs. Henry B. Ehrlich, a treating physician, and Dr. Jill Rowan, a state agency physician, when determining Plaintiff's RFC.  Plaintiff argues that although the ALJ gave "great weight" to the opinions of Drs. Ehrlich and Rowan, the ALJ failed to expressly include specific limitations those physicians noted in their RFC opinions.  Specifically, Plaintiff maintains that Dr. Ehrlich found Plaintiff was moderately limited in understanding and remembering detailed instructions, carrying out detailed instructions, and working in coordination with or proximity to others without being distracted by them; yet, the ALJ failed to include those limitations in his RFC.  Additionally, Plaintiff asserts that the ALJ similarly failed to include limitations found by Dr. Rowan, which  included moderate limitations in Plaintiff's ability to maintain attention and concentration and respond appropriately to changes in the work setting.  In response, the Commissioner insists that the ALJ accommodated both Dr. Ehrlich's and Dr. Rowan's limitations in his RFC and there was no need for the ALJ to mirror word-for-word the exact findings or opinions of any

5

particular medical source.

When assessing a person's RFC, the ALJ must consider all impairments and the extent to which the impairments are consistent with medical evidence. *See* 20 C.F.R. § 404.1545. The ALJ must also consider any medical opinions given by physicians, psychologists or other acceptable medical sources, which indicate the nature of a person's impairments. *Id.* The RFC determination is ultimately a decision reserved for the ALJ. 20 C.F.R. § 404.1546(c). Consequently, the ALJ was not bound to accept all of Dr. Ehrlich's, Dr. Rowan's, or any other doctor's findings regarding Plaintiff's functional limitations. *See id.* The ALJ, however, must give a treating physician's opinions substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause for disregarding such opinions "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citation omitted). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate the reasons for doing so." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (*quoting Phillips*, 357 F.3d at 1240 n.8). Further, while the regulations provide that the ALJ is not bound by State agency medical consultant findings, he is required to consider such findings as opinion evidence because such consultants are "highly qualified physicians…who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(I).

The ALJ must also "state with particularity the weight [given to] different medical opinions and the reasons therefore." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1986). Thus, when a physician offers statements reflecting judgments about the nature and severity of a plaintiff's impairments, including what a plaintiff can still do despite his or her limitations, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor because "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *See Winschel*, 631 F.3d at 1178-89.

When determining Plaintiff's RFC, the ALJ concluded that Plaintiff was capable of "all exertional levels but with the following nonexertional limitations; the claimant [was] limited to low stress, unskilled or lower semi-skilled jobs, that do not involve work [with] the public, and no more than occasional interaction with coworkers and supervisors." (R. 103).  In doing so, the ALJ gave "great weight" to both Dr. Ehrlich's and Dr. Rowan's opinions.  Indeed, the ALJ noted Dr. Ehrlich's findings that Plaintiff had some moderate limitations in adaptation, social interaction, understanding and memory, and sustained concentration due to his biopolar disorder (R. 105).  The ALJ also noted Dr. Rowan's findings that Plaintiff would do better in a setting away from others and away from the demands of the public, that Plaintiff could carry out low socially demanding and low pressure, simple, and routine tasks, though some degree of supervision will be necessary, and that Plaintiff was capable of adapting to minor changes if they were gradually introduced to

him (R. 105-106). And he found Dr. Rowan's findings that Plaintiff was moderately limited in his daily activities, maintaining concentration, persistence, and pace, and maintaining social functioning consistent with the record as whole (*Id.*). Nevertheless and despite given great weight to these opinions, the only mental limitations the ALJ included in Plaintiff's RFC was low stress, unskilled or lower semi-skilled jobs, that do no involve work with the public, and only occasional interaction with co-workers and supervisors. The Court does not find this RFC accurately reflects all of Plaintiff's limitations.

In particular, although the ALJ gave great weight to Dr. Ehrlich's and Dr. Rowan's findings that Plaintiff had moderate limitations in concentration, persistence and pace, the ALJ failed to include those limitations in Plaintiff's RFC. Courts have consistently found that a RFC finding of unskilled work is insufficient to account for difficulties in concentration, persistence, or pace, unless the medical evidence clearly demonstrates otherwise. *See Winschel*, 631 F.3d at 1180-81; *Richter v. Comm'r of Soc. Sec.*, 379 F. App'x. 959, 961 (11th Cir. 2010); *Millhouse v. Astrue*, No. 8:08-CV-378–T–TGW, 2009 WL 763740, at *2 (M.D. Fla. Mar. 23, 2009). In *Millhouse*, the ALJ found the plaintiff had moderate limitations in concentration, persistence, or pace and in social functioning, but determined these limitations only limited the plaintiff to unskilled work in the RFC. *Millhouse*, 2009 WL 763740, at *2. The court reversed and remanded, reasoning:

> Simply finding that the plaintiff had a mental limitation of unskilled work clearly does [not] [sic] constitute 'a more detailed assessment by itemizing various functions contained in the broad categories' of social functioning and concentration, persistence, or pace. Furthermore, moderate limitations in social functioning and concentration,

8

> persistence, or pace constitute greater restrictions than a limitation to unskilled work. 'Unskilled work' is defined as 'work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.' 20 C.F.R. 416.968(a). It is not apparent to me that a person with moderate limitations in concentration, persistence, or pace could adequately perform all types of unskilled sedentary work.

*Id.* at *3–4.

The Court is likewise not convinced that the ALJ's limitation of Plaintiff to unskilled work adequately addresses Plaintiff's moderate limitations in concentration, persistence, and pace, nor is the Court convinced that the ALJ found that the medical evidence supported a finding that Plaintiff could perform work activities in spite of these limitations. *Id; see also Lea v. Comm'r of Soc. Sec.*, 776 F. Supp. 2d 1309, 1313 (M.D. Fla. 2011) (remanding after determining that the ALJ did not indicate that the medical evidence suggested that plaintiff's ability to work is unaffected by the plaintiff's limitations in concentration, persistence, and pace). In fact the ALJ noted several times that Plaintiff's work abilities would be effected by his limitations in concentration. For example, although the ALJ gave little weight to Dr. Kenneth A. Visser's opinion, the ALJ appears to have credited Dr. Visser's statement that Plaintiff would have problems with focus (R. 104). Dr. Erhlich's progress notes also reveal that Plaintiff would concentrate more on his co-workers than on performance at work (R.364) and would be moderately limited in working in coordination with or proximity to other without being distracted by them and would have problems carrying out detailed instructions (R. 393). Consequently, the Court cannot conclude that the ALJ's restriction to unskilled or lower semi-skilled jobs adequately encompasses Plaintiff's limitations in

9

concentration, persistence, and pace.

The ALJ also gave great weight to Dr. Ehrlich's and Dr. Rowan's findings that Plaintiff would have limitations in adapting to his work settings; however, the ALJ failed to mention that limitation in Plaintiff's RFC. The regulations clearly dictate that the ALJ account for these limitations when assessing Plaintiff's RFC. *See* Social Security Ruling 96-8p, 1996 WL 374184 *6 (S.S.A.) ("Work-related mental activities generally required by competitive, remunerative work include the abilities to … *deal with changes in a routine work setting*.") (emphasis added). Additionally, the ALJ failed to mention Dr. Rowan's finding that Plaintiff would need at least some degree of supervision. "Although the ALJ is not required to specifically refer to every piece of evidence in the record, he is required to 'sufficiently explain[] the weight he has given to obviously probative exhibits.'" *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 871 (11th Cir. 2012) (quoting *Cowart v. Schwiker*, 662 F.2d 731, 735 (11th Cir. 1981). Based on these findings, the Court cannot determine whether Plaintiff's RFC adequately reflects Plaintiff's mental limitations and remand is necessary to either incorporate these limitations into Plaintiff's RFC or the ALJ must at least explain why they were not included. *See Watkins*, 457 F. App'x at 872 (finding remand necessary for the ALJ to explicitly consider and explain the weight accorded to physician's statement related to plaintiff's limitations because despite the ALJ giving that opinion great weight, the ALJ failed to incorporate those limitations into plaintiff's RFC); *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (remanding for the ALJ to "explicitly consider and explain the weight accorded to [treating physician's] opinion as to

the effect of [plaintiff's] pain and other symptoms on her ability to concentrate"). Accordingly, the Court finds the Commissioner's decision is not supported by substantial evidence.

### 2. *hypothetical*

Next, Plaintiff argues that the ALJ posed an incomplete hypothetical to the VE because none of the questions included all the limitations found by Dr. Ehrlich and Dr. Rowan. The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996); *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987). If, upon remand, the ALJ finds that the limitations articulated by Dr. Ehrlich and Dr. Rowan are not credible, she is not required to include these limitations in the hypothetical question. However, if the ALJ credits Dr. Ehrlich and Dr. Rowan's limitations, as she did here, she must incorporate those limitations into any hypothetical.

### 3. *remaining contentions*

Given that remand for further administrative proceedings consistent with this Order is appropriate, I find it unnecessary to discuss in detail Plaintiff's remaining contentions of error; however, the Court will briefly address some of Plaintiff's remaining issues. Plaintiff asserts that the ALJ improperly discounted Plaintiff's subjective complaints and credibility. The Court agrees, to an extent, that the ALJ appears to have mischaracterized some of

11

Plaintiff's statements when assessing Plaintiff's credibility. For example, when discounting Plaintiff's credibility, the ALJ stated that

> While the claimant has alleged that he has experienced frequent debilitating panic attacks requiring hospitalization, the record does not reflect any such hospitalization. In fact, the claimant testified that his neighbor took him to the hospital several times, but the claimant's neighbor testified that he had never taken the claimant to the hospital. Such inconsistencies bring the claimant's general credibility into question.

(R. 104). As pointed out by Plaintiff, the Court does not find that the Plaintiff ever made any statements that he had been hospitalized for his panic attacks. Thus, the Court finds the ALJ improperly discounted Plaintiff's credibility at least as to this statement.

Lastly, Plaintiff alleges the Appeals Council erred in failing to remand this matter to the ALJ to consider newly submitted evidence, which includes a medical assessment form completed by Patricia Hough, M.D., of the North Port Family Health Clinic, and progress notes from the North Port Family Health clinic dated October 4, 2011 through May 29, 2012. Upon remand, the ALJ can consider this evidence as part of the administrative record; therefore, this argument is moot. Ultimately, the ALJ's finding of no disability may stand. However, at this junction I find insufficient support for the ALJ's conclusion.

*D. Conclusion*

For the reasons stated, the Court recommends that the ALJ's decision be reversed and the case be remanded for further consideration consistent with this Report and Recommendation. Accordingly, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be REVERSED and the case

    REMANDED for further administrative proceedings consistent with this

    Report and Recommendation; and

2.  The Clerk of Court be directed to enter final judgment in favor of Plaintiff.

IT IS SO REPORTED at Tampa, Florida on February 10, 2014.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

 Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attaching the factual findings on appeal. 28 U.S.C. § 636(b)(1).